Pages 1 – 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

HOWARD CLARK, TODD HALL, ANGELA       )
PIRRONE, individually, on behalf      )
of all others similarly situated,     )
and the general public,               )
                                      )
            Plaintiffs,               )
                                      )
  VS.                                 ) NO. C 18–06113 WHA
                                      )
THE HERSHEY COMPANY, a Delaware       )
corporation,                          )
                                      )  San Francisco, California
            Defendant.                )
                                      )
_____)


                              Thursday, February 14, 2019


                    **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                    LAW OFFICES OF RONALD A. MARRON
                    651 Arroyo Drive
                    San Diego, California  92103
              **BY:  MICHAEL T. HOUCHIN, ESQ.**


For Defendant:
                    BRAUNHAGEY & BORDEN LLP
                    351 California Street
                    Tenth Floor
                    San Francisco, California  94104
              **BY:  MATTHEW B. BORDEN, ESQ.**




Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
              Official Reporter, U.S. District Court

**Thursday - March 14, 2019**                                    **10:58 a.m.**

                 **P R O C E E D I N G S**

     **THE CLERK:** Calling Civil Action 18-6113, Howard Clark, et al. versus The Hershey Company.

  Counsel, please state your appearances for the record.

     **MR. HOUCHIN:** Michael Houchin on behalf of the plaintiffs.

     **MR. BORDEN:** Good morning, Your Honor.  Matt Borden on behalf of Hershey.

     **THE COURT:** All right.  It's a motion to dismiss, and time is very short.  So pick your single best point, and then I've got to move to the next case.

     **MR. BORDEN:** Sure, Your Honor.

     **THE COURT:** Why don't you -- no.  I won't tell you which issue to address.  You pick the one you want me to make sure I consider on oral argument.

     **MR. BORDEN:** Well, I think the standing issue is relatively clear.

     **THE COURT:** So what -- what is your point?

     **MR. BORDEN:** The point on the standing issue is that it's plaintiffs' burden to submit evidence in response to our evidentiary showing on the fact that these plaintiffs were solicited.  That it appears that one of the plaintiffs purchased the product or all of the plaintiffs purchased the product after their lawyers sent demand letter.

**THE COURT:** You got that through depositions?

**MR. BORDEN:** We have it through declarations that we've put in.

We're going to be taking their depositions very shortly. And we're going to be getting information from a third-party subpoena, regarding the solicitation issue.

We think that it's plaintiffs' burden on this motion to controvert the evidence that we submitted, and they haven't done so. They haven't put in a single declaration by any of the plaintiffs in this case.

**THE COURT:** All right.

What do you say to the standing point? And the solicitation point?

**MR. HOUCHIN:** Yes, Your Honor.

So I think our complaint makes clear when the plaintiffs purchased the products. They were purchased before our law firm ever got into contact with these clients. I disagree with their representations that we solicited these clients.

And I actually brought the product packaging here with me today, if you would like to see.

**THE COURT:** Well, that's for later. But, but are you -- you're telling me that all of your plaintiffs had already purchased the very products that you are complaining about in this case, prior to the solicitation.

**MR. HOUCHIN:** That's correct, Your Honor.

**THE COURT:** What do you say to that, Mr. Borden?

**MR. BORDEN:** Well, we got a demand letter in June from the lawyers in this case. It didn't say who the plaintiff was. And the plaintiffs in this case, two of them allege that they purchased the products after June.

They were sending out solicitations to these individuals. We have the solicitations. They're part of the record.

It's a very misleading process, where these individuals sign up for a website --

**THE COURT:** All right. So that's two out of three, but how about the one out of three?

**MR. BORDEN:** They don't say when they purchased the product. The complaint's deliberately ambiguous, and so we don't know. None of them will put in a declaration that controverted our factual showings with regard to the fact that they were all solicited.

The "classactionrebates" is a website that they sign up for. Literally after we submitted the first motion to dismiss where we said that it appears that the plaintiff bought the product after the demand letter was sent, literally the next day they sent out new solicitations via this website, "classactionrebates."

And then they added two more plaintiffs onto the case.

**THE COURT:** All right. I'll give you a chance to bring up any subject you would like to be heard on.

**MR. HOUCHIN:**  Just to the point that the complaint's not clear on when the plaintiffs purchased the products, the complaint is very clear.

For example, Plaintiff Howard Clark, it says he purchased it in July, 2018, from a Safeway.  That's Paragraph 63 of the first amended complaint.

If you also look for the allegations for Plaintiff Hall and Plaintiff Perroni, Plaintiff Hall purchased the product earlier in 2018 from a CVS in San Diego.  Or -- I'm sorry -- San Dimas, California.  And Plaintiff Perroni purchased the product in August, 2018.  And that's Paragraphs 65, 67 and 69 of the first amended complaint.  So the complaint is very clear about when the plaintiffs purchased the products.

The demand letter on behalf of Howard Clark didn't go out until September 13, 2018, after they had purchased the products.  And there was a second demand letter on behalf of Plaintiff Perroni and Plaintiff Hall that went out in, I believe, November, after they had already purchased the products.

**THE COURT:**  All right.  Thank you.  I'll get an order out soon.  Good luck.

**MR. HOUCHIN:**  Thank you.

**MR. BORDEN:**  Thank you, Your Honor.

**THE COURT:**  Is there also a CMC today for you?  Or -- I don't think there is, is there?

**MR. BORDEN:**  We had the CMC already, we had it already.

**THE COURT:**  All right.  Thank you.  Thank you.

**MR. BORDEN:**  Thank Your Honor.

(Proceedings concluded)

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*Belle Ball*

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Thursday, February 28, 2019