UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD CLARK, TODD HALL, ANGELA PIRRONE, individually, on behalf of all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY, a Delaware corporation,<br><br>Defendant. | No. C 18-06113 WHA<br><br>**ORDER RE MOTION TO INTERVENE** |

**INTRODUCTION**

In this food-mislabeling case, proposed intervenors move to intervene. For the following reasons, the motion is **DENIED**.

**STATEMENT**

Previous orders have stated the facts of this case. Briefly, defendant The Hershey Company sells chocolates with a fruit-flavored center called "Brookside Dark Chocolate." Each of the Brookside products at issue in this action are sold in packages with labels that represent the product is made with "No Artificial Flavors." These products contain malic acid, a synthetic chemical (SAC ¶¶ 6, 18). Plaintiffs, Howard Clark, Todd Hall, and Angela Pirrone, allege the "No Artificial Flavors" labeling is false and misleading due to the presence of malic acid in the product.

1     The operative complaint, filed in March 2019 alleges twelve claims, including (1) fraud by omission, Cal. Civ. Code §§ 1709–1710, (2) negligent misrepresentation, Cal. Civ. Code §§ 1709–1710, (3) violation of California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, *et seq.*, (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, (5) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, (6) breach of express and implied warranties, Cal. Com. Code §§ 2313 and 2314, (7) violations of §§ 349 and 350 of New York General Business Laws, and (8) claims for breach of express and implied warranties under New York U.C.C. §§ 2-313 and 2-314.

    A November 2019 order granted defendant's motion for summary judgment and allowed proposed intervenors to move to intervene as plaintiffs. The proposed intervenors, Suzanne Mirzoyan and Raymond Lee, accordingly filed the instant motion in December. Defendant opposes. This order follows full briefing and oral argument.

**ANALYSIS**

    Generally, it is improper to allow intervention after denial of class certification due to an inadequate class representative because "it is a back-door attempt to begin the action anew." *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir.1973). Once a class is certified, however, substitution may be allowed because a class acquires "a legal status separate from that of the named plaintiffs," such that the named plaintiffs' loss of standing does not necessarily call for the "simultaneous dismissal of the class action, if members of that class might still have live claims." *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1336 (11th Cir. 2003). In other words, a suit brought as a class action must be dismissed when there is no longer a case or controversy and no class has been certified. *Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007).

    Our situation here is slightly different than the above-mentioned ones, and there is no binding case law directly on point. In the above, either a class certification motion had not been filed or a court had ruled on the merits on a class certification motion already. Here, however, plaintiffs filed a class certification motion and the motion was denied as moot due to

a summary judgment order finding that the named plaintiffs either did not rely on the label or did not suffer an injury due to the alleged mislabeling.

Nonetheless, the reasoning from our court of appeals still applies — without standing, not only must plaintiffs' motion for class certification be denied, the case must be dismissed. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003). Defendant attempts to distinguish the instant case by pointing to the summary judgment order's dismissal of plaintiffs' claims based on a lack of prudential standing and not constitutional standing. Constitutional standing requires: (1) a concrete injury that is actual or imminent and not hypothetical; (2) fairly traceable to the defendant's allegedly wrongful conduct; (3) that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, plaintiff Clark's injury was not caused by his reliance on the alleged mislabeling and plaintiffs Hall and Pirrone did not rely on the alleged mislabeling. Both of these failures in causation mean there is no longer a live case or controversy, and the case must be dismissed.

Even if a motion to intervene were proper, the proposed intervenors have not shown good cause. As a preliminary matter, Rule 16 applies in determining whether the motion should be granted. Rule 16 states that deadlines in a scheduling order may only be modified for good cause. Here, a January 2019 scheduling order specifically provided a deadline of March 28, 2019, to add new parties or to amend pleadings (Dkt. No. 29). The proposed intervenors argue that because they are not moving for leave to amend the complaint, only Rule 24 applies, which specifically addresses intervention. In this case, even though the proposed intervenors are not moving to amend the complaint, through the intervention motion, they are seeking to add new parties to serve as class representatives, for which the scheduling order provided a deadline.

Following the summary judgment order, the proposed intervenors promptly submitted the instant motion (approximately two weeks after the order) as directed by the order. This case has been ongoing for over a year, however, and fact discovery has closed. Plaintiffs' counsel have long known that the crux of the case is whether plaintiffs relied on the labeling and were

3

injured by it, and yet chose to move for class certification with deficient plaintiffs. Good cause having not been shown, the motion to intervene is **DENIED**. Judgment will be entered in a separate order.

**IT IS SO ORDERED.**

Dated: February 6, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE